Martin, J. sitting for Harper, J.
delivered the opinion of the Court.
The case of Nance v. Palmer, has, as I conceive, settled the question of costs, in cases like the present, upon rational and legal principles. I draw from that case the principle, that where one sues in the general jurisdiction, and offers no proof whatever of a sum beyond the limited jurisdiction, or where it appears, obviously, that the suit has been instituted wantonly, upon a fictitious demand, with a view to increase the costs, he shall recover only the costs allowed on summary process. There may be some difficulty in the application of the rule. It must depend, in a great'measure, on the opinion of the presiding Judge; and unsatisfactory as that may often be, even to himself, it would not be more so than in many other-cases in which he is obliged to áct. We have no report from the presiding Judge, who tried this case, of the evidence, by which to test it under the rule laid down in Nance v. Palmer. In the absence of such information, we cannot' say that the plaintiffs, preferred a fictitious demand, or'thalrthey offered no proof; and we will, therefore, presume nothing against them, which shall deprive them of costs. This renders it unnecessary, that any thing should be said on the plaintiffs’ second ground. It may not be amiss, however, to remark, that although we have no report of the facts from the presiding Judge, the circumstantial, and documentary evidence, which accompany the proceedings, not only negative the idea, that the plaintiffs’ demand was wholly fictitious, but create some doubt, whether in justice they *614 were not intitled to the whole amount for which they brougth their action.
The appeal on the part of the defendant cannot be sustained. It is very true, that a party should not be allowed his costs for procuring incompetent testimony. But on looking into the accounts in this case, and to the commissions, it will be found, that these witnesses were examined to prove large cash payments, made by the plaintiffs for the defendant, of which the books could not afford plenary, or even competent proof. The testimony of the witnesses was therefore indispensably necessary, until, on the trial, the defendant, anticipating the plaintiffs’ evidence, produced an account current between them and himself, which gave a new direction to the testimony, and rendered the commissions unnecessary. The motion of the plaintiffs to reverse the order made on the circuit, is granted, and that of the defendant is refused.